[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court has reviewed the findings of fact and the conclusions as on file by the Attorney Referee.
The Attorney Referee denied the motion to correct filed by the plaintiff dated May 6, 1991.
The plaintiff, on August 8, 1991, filed its Objection to Acceptance of Report stating that the Attorney Referee erred in its conclusion of law.
The defendant moved for judgment in accordance with the report of the trial referee. No brief was filed by the defendant.
The memorandum of the Attorney Trial Referee concludes without any judicial basis that the defendant breached its fiduciary duty. The report further states in paragraph 7 that the CT Page 2189 plaintiff waived any objection to evidence of this breach when offered at trial.
The plaintiff in his case agrees that a close relationship with a buyer such as a relative, employee or partner should be disclosed. However the mere membership in a country club does not rise to this level. Such a relationship is not a substantial material fact that required disclosure in his case.
The plaintiff in its brief cites Section 20-328-2a, a regulator for guidance of brokers in this area which provides as follows: (b) A licensee shall not acquire an interest in or buy for himself or herself, any member of the licensee's immediate family, the licensee's firm or any member thereof, or any entity in which licensee has a substantial ownership interest, property listed with the licensee, without disclosing to the listing owner the licensee's relationship to the purchaser (emphasis added).
There are no findings of fact in the report of the Attorney Referee for a conclusion that the fiduciary relationship was breached.
There are no facts stated that would support the conclusion that membership in a club is equivalent to a substantial ownership interest in a buying entity.
Plaintiff's objection to report of Attorney Referee is sustained. Judgment may enter for the plaintiff in the amount of $8,400.
FRANK S. MEADOW, JUDGE